IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| S.B., ET AL. | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-13-1068 |
| | * | |
| BOARD OF EDUCATION OF | * | |
| HARFORD COUNTY, ET AL. | * | |
| | ****** | |

**MEMORANDUM**

  S.B. and T.L. have brought this action against the Board of Education of Harford County. S.B. asserts claims under §504 of the Rehabilitation Act of 1973 and Title II of the Americans with Disabilities Act. T.L. asserts a claim for retaliation based upon the advocacy he and his wife (A.L.) undertook on behalf of S.B. Discovery has been completed, and both sides have moved for summary judgment. The Board's motion will be granted, and the plaintiffs' motion will be denied.

  When I denied a motion to dismiss filed by the Board on September 2, 2013, I stated that "based upon the present record, it appears doubtful that plaintiffs can establish that the remaining defendants acted with 'deliberate indifference' in connection with the bullying to which S.B. was subjected or that anyone retaliated against A.L. (S.B.'s mother) or T.L. for their advocating on behalf of S.B. . . . [h]owever I would be more comfortable in deciding the merits of those claims after discovery has been conducted." My skepticism has proven to be well-founded. Despite the

1

extensive discovery that has been taken and the voluminous papers that have been filed, it is now clear that the action is a frivolous one.[1]

At the outset it is to be noted that on one occasion S.B. called Black girls in his class "Niggers" and made statements to them "about hanging from a tree, slitting their throats, including their families." Thus, it is not at all clear that any harassment directed toward plaintiff was on account of his disability. Moreover, there is absolutely no evidence that the Board acted with bad faith, gross misjudgment or deliberate indifference in responding to any harassment directed toward S.B. *See generally*, *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 651-53 (1999); *Sellers v. School Bd. of Manassass*, 141 F.3d 524, 529 (4th Cir. 1998). The Board investigated every harassment claim against S.B. brought to its attention and assigned a person to be with S.B. throughout the school.

For the same reasons S.B.'s claims under the ADA fail. There is absolutely no evidence that the Board discriminated against S.B. because of any disability from which he suffered. The school attempted to address acts of harassment directed to S.B., and the ADA does not entitle this court to second guess the school administration on every decision that it makes concerning bullying.

T.L.'s claim of retaliation fails because there is no evidence whatsoever that there was any causal connection between anything done by the Board and T.L.'s advocacy of S.B.'s rights.

A separate order effecting the rulings made in this memorandum is being entered herewith.

---

[1] Plaintiffs have also filed a motion for sanctions for spoliation. The motion is denied. Any "spoliation" was entirely inadvertent. Moreover, there is no reason to believe that production of any of the documents that were "spoliated" would entitle plaintiffs to the judgment they seek or undermine the grounds asserted by the Board in support of its motion.
The Board has filed a motion to exclude the testimony of Scott Poland. That motion is denied as moot.

Date:   April 17, 2015            \_\_\_\_/s/_____
                                  J. Frederick Motz
                                  United States District Judge